# EXHIBIT E

# STEVEN C. BARKLEY
### ATTORNEY AT LAW

**BOARD CERTIFIED** Personal Injury and Civil Trial Law

3560 Delaware, Suite 305
Beaumont, Texas 77706

---

Phone (409) 899-2277 • 1-800-882-3629 • Fax (409) 899-2477 • BaylorLawyer@aol.com

June, 13 2013

Lolita Ramos
District Clerk
1001 Pearl Street, Room 203
Beaumont, Texas 77701

RE: LINDA DIANE BELYEU et vir   vs   CHRISTUS HEALTH SOUTHEAST TEXAS et all

Dear Ms. Lolita

Enclosed please find the Original Petition, (3) copies of the Original Petition, Civil Case Information Sheet, and a check in the amount of $281.00 to cover filing fees. Please file, stamp and return.

Thank you for your courtesy in this important matter.

Sincerely,


Steven C. Barkley
SCB/jr
Enclosure

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **D 194445**   COURT *(FOR CLERK USE ONLY)*: _____

STYLED **LINDA DIANE BELYEU et vir vs CHRISTUS HEALTH SOUTHEAST TEXAS et al**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

| Name: Steven C. Barkley | Email: Baylorlawyer@aol.com | Plaintiff(s)/Petitioner(s): Linda Diane Belyeu, Jimmy Belyeu | Person or entity completing sheet is: ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
|---|---|---|---|
| Address: 3560 Delaware, ste. 305 | Telephone: (409) 899-2277 | Defendant(s)/Respondent(s): Christus Health Southeast Texas, Christus Health, Otis Elevator Company | Additional Parties in Child Support Case: Custodial Parent: Non-Custodial Parent: Presumed Father: |
| City/State/Zip: Beaumont, TX 77706 | Fax: (409) 899-2477 | | |
| Signature: /s/ | State Bar No: 01750500 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract:
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☒ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**
- Probate/Wills/Intestate Administration
  - ☐ Dependent Administration
  - ☐ Independent Administration
  - ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

Jefferson County District Court
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 52952708
Date: Jun 13 2013 04:21PM
Lolita Ramos, Clerk

NO. D194445

| | | |
|---|---|---|
| LINDA DIANE BELYEU | § | IN THE DISTRICT COURT OF |
| et vir | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| CHRISTUS HEALTH | § | |
| SOUTHEAST TEXAS | § | 136th JUDICIAL DISTRICT |
| et al | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Linda "Diane" Belyeu** and her husband **Jimmy Belyeu**, Plaintiffs, complaining of Christus Health Southeast Texas, Christus Health, and Otis Elevator Company, Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

### I.

Plaintiffs, Diane Belyeu and her husband, Jimmy Belyeu, are residents of Port Arthur, Jefferson County, Texas.

Defendant, Christus Health Southeast Texas is a Texas non profit corporation. It owns and operates Christus Hospital - St. Elizabeth located in Beaumont, Jefferson County, Texas. It may be served with process by serving its registered agent for service of process in Texas; Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Christus Health is a Texas non profit corporation. It may be served with process by serving its registered agent for service of process in Texas; Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, Otis Elevator Company is a New Jersey Corporation. At all time pertinent to this cause of action, it was doing business within the venue and jurisdiction of this court. It may be served with process by serving its registered agent for service of process in Texas; CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## II.

This lawsuit arises out of an accident that occurred August 2, 2012. Christus Health Southeast Texas owns and operates St. Elizabeth Hospital located in Beaumont. The St. Elizabeth campus includes a parking garage located between Calder Avenue and North Street. The parking garage has an elevator manufactured and serviced by Defendant Otis Elevator Company (hereinafter "Otis").

On August 2, 2012 Diane Belyeu was employed by Christus Health Southeast Texas as a Registered Nurse. She had worked for the company many, many years. She worked at St. Elizabeth's Cardiac Telemetry Unit. She worked thirty-six hours one week and forty-six hours the next week. She made a very good living. She had worked for St. Elizabeth since 1992.

## III.

On the day of her accident, she drove her vehicle to work. She drove into the parking garage and parked on the second floor. She got into the Otis elevator to go to the ground floor. The elevator descended to the first floor and the elevator doors opened. Diane Belyeu stepped out of the elevator and fell heavily to the ground, severely injuring her left knee. When she looked back, she saw that the elevator had stopped with its floor located five inches above the level of the parking garage floor.

## IV.

Diane Belyeu reported the accident to Christus Health Southeast Texas. The employee health department at the hospital sent her to an on site physician who covered employee health. Towards the end of September, 2012, Plaintiff was sent to a Beaumont orthopedic surgeon who performed an MRI. The MRI showed that Plaintiff sustained a torn meniscus in her left knee. Initially Christus Health refused to pay for the surgery as they said it was pre-existing. Nevertheless, Plaintiff was able to have the surgery. The orthopedic surgeon preforming the surgery found two tears in Plaintiff's left knee.

## V.

Plaintiff was unable to work for some time. In March, 2012, Plaintiff finally was cleared to attempt to return to work. She returned to her job in the Cardiac Telemetry Unit. However she had great difficulty in moving through the unit. When she walked down the hall of her unit, she was forced to lean on the railings on the side of the hall to attempt to support her while she was working.

On April 3rd, Christus Health Southeast Texas told Plaintiff to go home. The human resources department at St. Elizabeth along with Plaintiff's nurse manager, told her to go home and clock out as it did not appear that she could physically do the work. Plaintiff has been unable to work since that date.

## VI.

Plaintiff would show that Christus Health Southeast Texas did not carry Worker's Compensation insurance. Therefor, Christus Health Southeast Texas cannot reduce Plaintiff's recovery through any of the common law defenses that Christus Health Southeast Texas would have had if it had carried Worker's Compensation insurance. It waived its common law defenses.

Plaintiff would show that at the time of her accident she had the status of a business invitee on Christus Health Southeast Texas' premises. Christus Health Southeast Texas had the duty to exercise reasonable care to provide a safe place for Plaintiff to work. Plaintiff would show that there had been problems with the elevator for quite some time. Nevertheless Christus Health Southeast Texas had neither repaired the elevator nor taken it out of service until it could be adequately repaired.

Plaintiff would show that her accident and resulting injuries were proximately caused by one or more of the following negligent acts or omissions on the part of Christus Health Southeast Texas:

1. Failing to maintain a safe place to work.

2. Failing to repair the elevator.

3. Failing to take the elevator out of service after having been notified that the elevator was not in good repair.

4. Failing to warn Plaintiff and others.

5. Failing to notify the service representative that the elevator needed repair.

6. Failing to timely provide medical care to Plaintiff.

## VII.

Plaintiff would show that the elevator was sold and serviced by Defendant Otis Elevator Company (hereinafter "Otis"). Otis failed to maintain the elevator in a reasonably safe condition. Upon information and belief Otis was previously notified that the elevator was not stopping with the elevator floor level with the floors on the parking garage. Nevertheless, Otis failed to repair the elevator or to take the elevator out of service if it could not be repaired. Otis negligently failed to provide service on the elevator. Such negligence was a proximate cause of Plaintiff's accident and resulting injuries.

## VIII.

Christus Health is the plan administrator for the Christus Health Texas Occupational Injury Assistance Plan. Diane Belyeu was entitled to recover medical and wage replacement benefits from Christus Health under the provisions of the Christus Health Texas Occupational Injury Assistance Plan. The administrator of the plan was Christus Health. Christus Health, however, refused or failed to provide the benefits that Plaintiff, Diane Belyeu, was entitled to receive. Among other benefits, Christus Health did not provide all necessary medical care and did not provide short term and long term disability benefits. Plaintiff seeks to recover those benefits that she is entitled to receive under the Occupational Injury Assistance Plan from Christus Health. Plaintiff would show that all conditions precedent have been satisfied for her to bring this action.

Plaintiff also seeks to recover her reasonable attorney's fees from Christus Health necessitated by her having to file this law suit to recover benefits.

## IX.

Jimmy Belyeu is Plaintiff, Diane Belyeu's husband. As a result of his wife's injury, Jimmy Belyeu has sustained a loss of consortium. Additionally, Jimmy Belyeu is disabled. Plaintiff Diane Belyeu provided most of the support for the Belyeu household. She is now unable to work and is not drawing disability benefits.

## X.

Plaintiff Diane Belyeu would show that her damages include the following:

1. Loss of past earnings and future earning capacity.

2. Past and future medical benefits.

3. Past and future physical impairment.

4. Past and future disability compensation.

5. Past and future pain, suffering and mental anguish.

When measured in money, her damages are significant and substantially exceed the minium jurisdictional limits of this court.

## XI.

Plaintiff Jimmy Belyeu would show that his damages, when measured in money, are significant. They also exceed the minium jurisdictional limits of this court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof Plaintiffs have Judgment for their damages, for pre and post-judgment interest, for costs of court, and for such other and further relief to which they may be entitled.

Respectfully submitted,

STEVEN C. BARKLEY
ATTORNEY AT LAW
3560 Delaware, Suite 305
Beaumont, Texas 77706
Phone: (409) 899-2277
Fax:   (409) 899-2477

_____
STEVEN C. BARKLEY
STATE BAR NO. 01750500
ATTORNEY FOR PLAINTIFFS,
LINDA DIANE BELYEU AND
JIMMY BELYEU

## JURY DEMAND

Plaintiffs hereby request a trial by jury in this cause of action.

_____
STEVEN C. BARKLEY

## REQUEST FOR DISCLOSURE

The Defendants are requested to disclose the matters set forth in Texas Rules of Civil Procedure Rule 194.

_____
STEVEN C. BARKLEY

REC⎯PT FOR: FEES

Cause No: D-0194445          Date: 6/14/13          Receipt No: 279528
  Style: LINDA DIANE BELYEU ET VIR
      vs CHRISTUS HEALTH SOUTHEAST TEXAS ET AL

Paid By: BARKLEY, STEVEN C                                           P
Amt Paid:     281.00 CHECK          5815  Bal Due:           .00

| Amount | Description | | |
|---|---|---|---|
| 10.00 | RECORDS MANAGEMENT | 10.00 | COURT RECORD PRESERVATIO |
| 5.00 | RECORDS ARCHIVE FEE | | |
| 50.00 | COUNTY FILING FEE | | |
| 50.00 | STATE FILING FEE | | |
| 10.00 | LIBRARY FEE | | |
| 15.00 | MEDIATION CENTER FEE | | |
| 30.00 | JURY | | |
| 15.00 | STENO | | |
| 5.00 | SECURITY FEE | | |
| 10.00 | INDIGENT FEE | | |
| 42.00 | JUDICIAL SUPPORT | | |
| 5.00 | APPELLATE JUDICIAL SYSTE | | |

                LOLITA RAMOS, CLERK DISTRICT COURTS
                      Jefferson County, Texas

                          By: _____
                              Sherrye          Deputy